UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JONI L. RESTER, Administrator of the Estate of ANTHONY RYAN RESTER, Deceased,<br><br>       Plaintiff,<br><br>   v.<br><br>INVACARE CORPORATION and REHAB MEDICAL, INC.,<br><br>       Defendant. | Case No. 06-cv-4088-JPG |

**MEMORANDUM AND ORDER**

In light of Seventh Circuit admonitions, *see, e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (1992), the Court has undertaken a rigorous initial review of pleadings to ensure that jurisdiction has been properly pled. The Court has noted the following defects in the jurisdictional allegations of the Complaint (Doc. 1) filed by plaintiff Joni L. Rester ("Rester"):

1. **Failure to allege the citizenship of a corporation.** A corporation is a citizen of both the state of its principal place of business <u>and</u> the state of its incorporation. 28 U.S.C. § 1332(c)(1). The relevant pleading must affirmatively allege the specific states of incorporation and principal place of business of a corporate party. Dismissal is appropriate if a plaintiff fails to make such allegations. *Indiana Hi-Rail Corp. v. Decatur Junction Ry. Co.*, 37 F.3d 363, 366 n. 3 (7th Cir. 1994). The Complaint fails to alleges the principal places of business of defendants Invacare Corporation and Rehab Medical, Inc.

2. **Failure to allege the citizenship of decedent.** A complaint asserting diversity jurisdiction must allege the citizenship of individual parties. 28 U.S.C. § 1332(a)(1). Where a suit is brought on behalf of the estate of a decedent, the citizenship of the legal representative of the estate shall be deemed to be that of the decedent. 28 U.S.C. § 1332(c)(2); *see Konradi v. United States*, 919 F.2d 1207, 1214 (7th Cir. 1990). The Complaint does not allege the decedent's citizenship prior to his death.

   The Court hereby **ORDERS** that Rester shall have up to and including May 19, 2006, to

amend the faulty pleading to correct the jurisdictional defect.  Failure to amend the faulty pleading may result in dismissal of this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Amendment of the faulty pleading to reflect an adequate basis for subject matter jurisdiction will satisfy this order.  Rester is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**
**DATED:  May 3, 2006**

           s/ J. Phil Gilbert
           **J. PHIL GILBERT**
           **DISTRICT JUDGE**